IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-20902

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELBA LLANO, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **COMPLAINT**

1. The United States of America brings this action to collect outstanding civil penalties assessed against Defendant Elba Llano for her failure to timely and accurately report her financial interest in foreign financial accounts for the years 2012 through 2015, as required by 31 U.S.C. § 5314 and its implementing regulations, and to collect accrued interest on such penalties, late payment penalties, and associated fees.

2. The United States of America brings this action under 31 U.S.C. § 5321(b)(2) and § 3711(g)(4)(C) at the direction of the Attorney General of the United States, and at the request of and with the authorization of a delegate of the Secretary of the Treasury of the United States.

### **Jurisdiction and Venue**

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery of civil penalties.

4. Venue is proper in this district under 28 U.S.C. § 1391(c)(1) because Ms. Llano is a United States citizen that is domiciled in this district and because the civil penalties at issue arose in this district.

## Background

*Regulatory Background Regarding the Duty to Report Relations with Foreign Financial Institutions*

5. Section 5314(a) of Title 31 provides that the Secretary of the Treasury "shall require" a U.S. citizen or resident to file reports when he or she "makes a transaction or maintains a relation for any person with a foreign financial agency."

6. Although Congress did not define what constitutes a "relation" with a foreign financial agency, the implementing regulations make clear that "relationship" is a U.S. person's "financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country." 31 C.F.R. § 1010.350(a).

7. A report is required for any year in which the aggregate balance for such foreign financial accounts exceeds $10,000. 31 C.F.R. § 1010.350(a); *see also* 31 C.F.R. § 1010.306(c) (2011).

8. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for violations of the reporting requirements of Section 5314. Specifically, Section 5321(a)(5)(B) provides for a penalty of up to $10,000 per violation.

9. These relationships are required to be reported on a form titled "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the 2012 calendar year, the required form was Form TD-F 90-22.1. For years 2013 through 2013, the form was FinCEN Form 114. *See* 31 U.S.C. § 5314; *see also* 31 C.F.R. § 1010.350(a).

10. For the years at issue, 2012 through 2015, the FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c) (2011).

11. Each foreign financial account must be listed separately on the FBAR, with the limited exception for persons with 25 or more accounts. *See* FBAR, Parts II, IV, available at https://www.irs.gov/pub/irs-pdf/f90221.pdf.

12. The maximum account value of each foreign financial account must also be reported. *See* FBAR, Part II.

13. The penalty set forth under 31 U.S.C. § 5321(a)(5)(B) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

***Ms. Llano's Failure to Timely Report Her Relations with Foreign Financial Institutions***

14. Ms. Llano was born in Barbosa, Santander del Sur, Colombia in 1950.

15. Ms. Llano has been a United States citizen since approximately year 2000.

16. Ms. Llano maintains both a United States and Colombian passport.

17. Ms. Llano has held interests in numerous foreign corporations, including Usako Corporation ("Usako") (registered in Panama); Ameli Corp. S.A. ("Ameli") (registered in Panama); Mavelli Holdings, S.A. ("Mavelli") (registered in Panama); Luzerna Y Cia, SAS ("Luzerna") (registered in Colombia), and Jedis Trading, SA ("Jedis Trading") (registered in Panama).

18. Ms. Llano, during the years 2012 through 2015, maintained numerous foreign financial accounts with balances exceeding $10,000 at various foreign financial institutions.[1] Specifically:

   a. Ms. Llano, individually, and through Luzerna and Jedis Trading, maintained accounts with Bancolombia S.A. ("Bancolombia");

   b. Ms. Llano, through Ameli, maintained an account with Schroder & Company Bank AG ("Schroders");

   c. Ms. Llano, through Ameli, maintained an account with EFG Bank AG ("EFG Bank"); and

   d. Ms. Llano, individually and through Luzerna, maintained accounts with Alianza Valores ("Alianza").

19. Bancolombia is Colombian bank based in Medellín.

20. Schroders is a Swiss bank based in Zurich, and is a subsidiary of Schroders plc, based in London.

21. EFG Bank is a subsidiary of EFG International, a banking company based in Zurich.

22. Alianza is a Colombian investment company based in Bogotá.

23. In **2012**, Ms. Llano had a financial interest in, or signature authority over, the foreign financial accounts in the following table, with the following highest balances:

| Financial Institution | Account No. | Highest Balance |
| --- | --- | --- |
| Bancolombia | XXXXXX906-1 | $137,613 |
| Schroders | XXX076-1 | $104,440 |
| EFG Bank | XX8609 | $4,097,841 |

---

[1] Some accounts have been titled in her maiden name, Elba Farfan.

| Bancolombia | XXXXXXX6023 | $4,169 |

24.     Ms. Llano failed to timely report her relationships with the accounts listed in Paragraph 23.

25.     In **2013**, Ms. Llano had a financial interest in, or signature authority over, the foreign financial accounts in the following table, with the following highest balances:

| Financial Institution | Account No. | Highest Balance |
| --- | --- | --- |
| Bancolombia | XXXXXX906-1 | $126,277 |
| Schroders | XXX076-1 | $87,414 |
| Alianza | XX30 | $48,479 |
| EFG Bank | XX8609 | $4,097,841 |
| Bancolombia | XXXXXXX86-09 | $27,179 |
| Bancolombia | XXXXXXX6023 | $4,169 |

26.     Ms. Llano failed to timely report her relationships with the accounts listed in Paragraph 25.

27.     In **2014**, Ms. Llano had a financial interest in, or signature authority over, the foreign financial accounts in the following table, with the following highest balances:

| Financial Institution | Account No. | Highest Balance |
| --- | --- | --- |
| Bancolombia | XXXXXX906-1 | $43,848 |
| Schroders | XXX076-1 | $75,112 |
| Alianza | XX30 | $50,769 |
| Alianza | X0073 | $8,556 |
| EFG Bank | XX8609 | $3,835,710 |
| Bancolombia | XXXXXXX6023 | $3,836 |
| Bancolombia | XXXXXXX86-09 | $38,458 |
| Bancolombia | XXXXXXX2579 | $71,233 |

28.     Ms. Llano failed to timely report her relationships with the accounts listed in Paragraph 27.

29.     In **2015**, Ms. Llano had a financial interest in, or signature authority over, the foreign financial accounts in the following table, with the following highest balances:

| Financial Institution | Account No. | Highest Balance |
|---|---|---|
| Bancolombia | XXXXXX906-1 | $148,921 |
| Schroders | XXX076-1 | $74,000 |
| Alianza | XX30 | $37,115 |
| Alianza | X0073 | $6,351 |
| EFG Bank | XX8609 | $3,798,019 |
| Bancolombia | XXXXXXX6023 | $1,010 |
| Bancolombia | XXXXXXX86-09 | $66,173 |
| Alianza | X2259 | $57,598 |
| Bancolombia | XXXXXXX2579 | $155,207 |

30. Ms. Llano failed to timely report her relationships with the accounts listed in Paragraph 29.

31. The funds in the above foreign accounts included foreign interest income that Ms. Llano was required to report on her individual income tax returns.

32. However, instead of properly reporting her foreign interest income, Ms. Llano concealed the source of the foreign interest income.

33. For example, in tax year 2013, Ms. Llano reported $38,800 in interest income on a Schedule B, as part of her tax return, but did not identify the source of that interest income. On the Schedule B, Ms. Llano specifically denied having a financial interest in or signature authority over a financial account located in a foreign country.

34. In tax year 2014, Ms. Llano reported $41,500 in interest income on a Schedule B, as part of her tax return, but did not identify the source of that interest income. On the Schedule B, Ms. Llano specifically denied having a financial interest in or signature authority over a financial account located in a foreign country.

35. In tax year 2015, Ms. Llano did not report any interest income but reported $42,773 in "wages." Ms. Llano did not include a W-2 with her return showing any wages earned.

*Ms. Llano Files Untimely FBARs*

36. After notification from the IRS that she failed to timely file FBARs for the years at issue, Ms. Llano filed untimely FBARs for the years at issue.

37. Subsequently, Ms. Llano filed amended FBARs for years 2013 through 2015, to report additional accounts.

38. On December 3, 2018, Ms. Llano consented to an extension of the statute of limitations for assessing FBAR penalties for year 2012 to June 30, 2020.

39. On October 30, 2019, Ms. Llano consented to an extension of the statute of limitations for assessing FBAR penalties for years 2012 and 2013 to June 30, 2021.

## COUNT I
### (Judgment for § 5321 Penalties)

40. Ms. Llano did not timely report the relationships she had with each of the financial accounts listed in Paragraphs 23, 25, 27, and 29, above, for years 2012 through 2015.

41. A non-willful violation of 31 U.S.C. § 5314(a) is subject to a maximum penalty of $10,000 for each relationship not reported.

42. The Internal Revenue Service exercised its discretion to assess a penalty of $10,000 per year against Ms. Llano, for a total of $40,000 in penalties for the years at issue.

43. On November 13, 2019, the Internal Revenue Service issued a Letter 3709 to Ms. Llano, informing her of the proposed FBAR assessments for 2012 through 2015.

44. On January 30, 2020, Ms. Llano agreed to the proposed assessments by signing an "Agreement to Assessment and Collection of Penalties Under 31 USC 5321(a)(5) and 5321(a)(6)."

45. On March 30, 2020, a delegate of the Secretary of the Treasury assessed FBAR penalties against Ms. Llano in the amount of $40,000 for years 2012 through 2015.

46. The statute of limitations for assessing an FBAR penalty is six years from the date the FBAR is required to be filed. 31 U.S.C. § 5321(b)(1).

47. The assessments in this case were timely. Specifically:

   a. The assessments were timely as to years 2012 and 2013 because Ms. Llano consented to an extension of the statute of limitations for assessing FBAR penalties for years 2012 and 2013 to June 30, 2021.

   b. The assessments were timely as to years 2014 and 2015 because the statute of limitations had not yet expired for those years as of the assessment date.

48. On July 23, 2020, a delegate of the Secretary of the Treasury issued a Letter 3708 to Ms. Llano, notifying her of the FBAR penalty assessments and demanding payment.

49. Despite the notice and demand for payment, Ms. Llano has failed to pay the FBAR penalties assessed against her.

50. Interest and other statutory additions continue to accrue on the unpaid assessments.

51. With accrued interest and penalties, Ms. Llano owes $41,972.60, as of March 5, 2021, for FBAR penalties, which is comprised of the non-willful FBAR penalties, as well as interest and penalties for late payment that have accrued, and will continue to accrue, as provided by law.

**PRAYER FOR RELIEF**

The United States of America respectfully requests that this Court:

a. Enter judgment in favor of the United States and against Elba Llano in the amount of $41,972.60, as of March 5, 2021, plus interest and further additions as allowed by law that continue to accrue; and

    b.  Award such other and further relief as may be available under the law.

Dated: March 25, 2022                      Respectfully Submitted,

David A. Hubbert
Deputy Assistant Attorney General

**Jeremy A. Rill**
Jeremy A. Rill
Special Bar No. A5502675
Fla. Bar No. 124485
Jeremy.A.Rill@usdoj.gov
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-0513 (v)
202-514-4963 (f)
Attorney for the United States

Of counsel:
Juan A. Gonzalez
United States Attorney
Southern District of Florida